Case 1:10-cv-02341-AWI-JLT   Document 42   Filed 05/25/11   Page 1 of 4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DELL DONNE, individually, as a participant in THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN, and as trustee of THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN; THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN; and THE JOURNEY ELECTRICAL TECHNOLOGIES, INC., a California corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>HERBERT W. HARDT, an individual; L. DAVID BRANDON, an individual; LISA PLANK, an individual; and DOES 1-200,<br><br>        Defendants. | 1:10-CV-2341 AWI JLT<br><br>ORDER RE: ADDITIONAL BRIEFING |

        In 2002, Timothy Hardt and Mark Dell Donne formed the related companies Hardel Enterprises, Inc., Journey Electronic Technologies, Inc., and Tri-State, Inc. (collectively "JET"). JET was a subcontractor on construction projects employing up to 300 people. In that year they created an employee benefit plan ("Plan") under 29 U.S.C. §1001 et seq., whereby employees could direct JET to withhold salary and put it into the Plan to be invested on their behalf. Timothy Hardt and Mark Dell Donne were the trustees and L. David Brandon, Chief Financial Officer of JET, was designated Plan Administrator. There are allegations that various people

1 failed to place all of the withheld salary into the Plan in violation of ERISA.  Timothy Hardt and
2 his wife, Michelle Hardt, filed for chapter 7 bankruptcy on January 7, 2010.  These events have
3 given rise to a number of separate lawsuits.
4   The U.S. Department of Labor filed Civil Case No. 10-2283 against Timothy Hardt and
5 Mark Dell Donne, seeking to recover funds owing to the Plan under ERISA.  The present case
6 was filed by Plaintiffs Mark Dell Donne, JET, and the Plan against Defendants Herbert Hardt, L.
7 David Brandon, and Lisa Plank, alleging that they cooperated with Timothy and Michelle Hardt
8 in embezzling money from JET and the Plan.  Claims against Defendant Lisa Plank have since
9 been voluntarily dismissed.  Plaintiff Donne is currently President and CEO of JET, which may
10 be under some form of receivership.
11   Defendants have filed a motion to dismiss, arguing that the suit can not move forward
12 because the receiver of JET and the Department of Labor are not involved in this suit.
13 Defendants do not directly raise subject matter jurisdiction, but they do state:

> Not only should the action be brought by Hilda Solis, the Secretary of Labor for the United States Department of labor, if anyone, or the Court-appointed Receiver, or the Plan Administrator, there is no basis for these Plaintiffs to claim the capacity of representatives of the Plan and the unspecified shareholders and/or employees. Absent such capacity and/or standing, the action should be dismissed.
>
> Also, the JET 401K Plan Administrator who oversaw the alleged activity has also not been included in this action.

19 Doc. 31, Part 2, Brief, at 11:16-21.  "Article III standing is a species of subject matter
20 jurisdiction." Carijano v. Occidental Petroleum Corp., 626 F.3d 1137, 1149 (9th Cir. 2010),
21 citations omitted.  When there is any doubt about subject matter jurisdiction, the court must raise
22 the issue sua sponte. Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2003).  The court
23 can look beyond the face of the complaint and consider evidence when determining subject
24 matter jurisdiction.
25   The scope of authority of the receivership is based on its specific terms. See Delta Sav.
26 Bank v. United States, 265 F.3d 1017, 1022 (9th Cir. 2001) (finding the FDIC's statutory
27 receivership authority includes the right to control the prosecution of legal claims on behalf of
28 the insured depository institution); A. Farber & Partners, Inc. v. Garber, 305 Fed. Appx. 489, 491

(9th Cir. 2008) (examining terms of Canadian receivership to determine standing).  The burden is on Plaintiffs to show the existence of standing.  Plaintiffs are ordered to file additional briefing and associated documents in order to show that standing exists for each Plaintiff.

Defendants also state, "Plaintiffs have alternatively either non-joined and failed to include[] indispensable parties, including Hilda Solis, the Secretary of Labor for the United States Department of Labor, as well as the State Court appointed Receiver, or that Plaintiffs themselves lack the requisite standing and/ or capacity to prosecute this action....Defendants are exposed to a multitude of lawsuits which may be brought by the real parties in interest and result in conflicting findings and/or liability." Doc. 31, Part 2, Brief, at 12:5-11.  Plaintiffs respond,

> Nor will the Secretary of Labor or the receiver be unable to protect an interest in the outcome of this case if not joined. The Secretary of Labor has the right to go after Brandon and does not lose that right at the resolution of this matter. The Secretary of Labor's interest and the Plaintiffs' interest are having funds contributed to the Plan and this can be accomplished by either the Plaintiffs or the Secretary but both are not necessary to achieve this outcome.

Doc. 33, Opposition, at 16:20-24.  This court doubts Plaintiffs' interpretation of the law. Regarding the ERISA claims, Plaintiff Donne is asserting the interests of Plaintiff Plan in this lawsuit.  The Department of Labor has independent standing to assert the interests of Plaintiff Plan.  A finding that Defendants are not liable to Plaintiff Plan would appear to be binding on the Department of Labor.  If not, then Defendants would be correct in claiming that they may be subject to multiple lawsuits resulting in conflicting findings.  Additionally, the Department of Labor has pointed out to the court that ERISA "only establishes remedies for the benefit of the plan. Therefore, this section cannot be read as providing for an equitable remedy of contribution in favor of a breaching fiduciary." Kim v. Fujikawa, 871 F.2d 1427, 1432 (9th Cir. 1989).  This court wonders if allowing this suit to move forward with ERISA claims would, in any conceivable way, constitute contribution in contravention of Kim.  The court invites the Department of Labor to provide briefing on these issues or set out its position relative to this suit.

Plaintiffs must file briefing by 4:00 PM on June 7, 2011.  The clerk is directed to add Evan Nordby of the U.S. Department of Labor, Office of the Solicitor on the list of individuals to be noticed.  The clerk is also directed to serve docket entries 1 and 31-37 upon Mr. Nordby.  The

court requests that the Department of Labor file briefing by 4:00 PM on June 21, 2011. Defendants must file a response by 4:00 PM on July 5, 2011. Plaintiff may also file a response by July 14, 2011.

IT IS SO ORDERED.

Dated:     May 23, 2011                               /s/ signature
                                                CHIEF UNITED STATES DISTRICT JUDGE