UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DELL DONNE, individually, as a participant in THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN, and as trustee of THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN; THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN; and THE JOURNEY ELECTRICAL TECHNOLOGIES, INC., a California corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>HERBERT W. HARDT, an individual; L. DAVID BRANDON, an individual; LISA PLANK, an individual; and DOES 1-200,<br><br>    Defendants. | 1:10-CV-2341 AWI JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |

## I. History[1]

In September 2002, Timothy Hardt and Plaintiff Mark Dell Donne incorporated Hardel Enterprises, Inc. ("Hardel") and Journey Electronic Technologies, Inc. ("JET"). In November 2002, JET purchased Tri-State, Inc. ("Tri-State"), a company which provides electrical and

---

[1]The factual history is provided for background; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

network services for construction projects.  Hardel is the holding company of JET which in turn is the holding company of Tri-State (collectively "Enterprises").  Timothy Hardt was responsible for day to day operations of the Enterprises and Dell Donne dealt with outside contacts.  In that year they created an employee benefit plan ("Plan"), whereby employees could direct the Enterprises to withhold salary and put it into the Plan to be invested on their behalf.  Timothy Hardt and Dell Donne were the trustees of the Plan.  Defendant L. David Brandon and third party Kathy Home were the administrators of the Plan.

In March 2006, Timothy Hardt bought out Dell Donne's interests in the Enterprises.  Dell Donne withdrew from all corporate positions and was removed as trustee for the Plan.  Dell Donne remained as an employee of Tri-State.  Defendant Lisa Plank (who has since been voluntarily dismissed from the case) became an employee of the Enterprises.  Defendant Herbert Hardt is Timothy Hardt's father.  After Dell Donne sold his interests to Timothy Hardt, Dell Donne alleges that Timothy Hardt (with his wife, Michelle Hardt), Herbert Hardt, Brandon, and Plank embezzled funds from the Enterprises which were designated for the Plan.

In June 2007, Timothy Hardt withdrew from the Enterprises.  Third party Performance Capital, Inc., which had lent the Enterprises large amounts of money exercised contractual rights to remove Timothy Hardt from his corporate position and install Dell Donne as Director of Corporation and Chairman of the Board of Tri-State.  A receiver has been appointed for Tri-State.  Timothy Hardt and Michelle Hardt filed for bankruptcy on January 7, 2010.  On February 12, 2010, the U.S. Department of Labor ("DOL") contacted Timothy Hardt and Dell Donne concerning irregularities with the Plan.

The present case is one of four concerning the alleged underfunding of the Plan.  Plaintiffs are Dell Donne, JET, and the Plan.  Defendants were originally Herbert Hardt, Brandon, and Plank.  Plank has since been dismissed from this case.  Plaintiffs allege several causes of action, including: breach of fiduciary duty to the Plan in violation of ERISA, breach of fiduciary duty to JET, and RICO.  In the related cases, DOL has brought suit against Timothy Hardt and Dell Done for breach of fiduciary duty under ERISA.  Defendants have made a motion to dismiss.  The court noted that Defendants raised issues of subject matter jurisdiction and

joinder of required parties under Fed. Rule Civ. Proc. 19.  As these issues required additional development, the court ordered the parties to provide additional briefing and requested the DOL submit an amicus brief.  The parties submitted the requested materials and the matter was taken under submission without oral argument.

## II. Legal Standards

Federal Rule Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction.  It is a fundamental precept that federal courts are courts of limited jurisdiction. Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006).  Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003); General Atomic Co. v. United Nuclear Corp., 655 F.2d 968 (9th Cir. 1981).  The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  Where the jurisdictional issue and the merits of the case are not factually completely intermeshed or intertwined, the court may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, including resolving factual disputes when necessary. St. Clair v. Chico, 880 F.2d 199, 201-02 (9th Cir. 1989).

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

3

plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted. The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969. Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading. We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

**A. Standing**

**1. Dell Donne and ERISA**

> Persons empowered to bring a civil action. A civil action may be brought-
> (1) by a participant or beneficiary-
>   (A) for the relief provided for in subsection (c) of this section, or
>   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409 [29 U.S.C. §1109];
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan

29 U.S.C. §1132(a).

Dell Donne claims that "as a trustee and therefore fiduciary of the Plan, [he] has independent standing to bring an action under ERISA." Doc. 44, Plaintiffs' Supplemental Brief, at 6:25-26. The complaint states that as of March 24, 2006, Dell Donne resigned from his position at JET which "remove[d] him from all corporate responsibility for JET, including serving as trustee of the Plan for JET." Doc. 1, Complaint, at 4:16-18. Thus, Dell Donne seeks to bring suit as a former trustee. For ERISA, former fiduciaries do not have standing to sue under 29 U.S.C. §1132(a). See Metropolitan Life Ins. Co. v. Mann, 2000 U.S. Dist. LEXIS 15354, *21 (C.D. Cal. Oct. 16, 2000), citing Chemung Canal Trust Co. v. Sovran Bank/Maryland, 939 F.2d 12, 14 (2nd Cir. 1991) and Blackmar v. Lichtenstein, 603 F.2d 1306, 1310 (8th Cir. 1979); cf. Wells Fargo Bank v. Bourns, Inc., 860 F. Supp. 709, 715 (N.D. Cal. 1994) (former fiduciary has standing to sue based on an indemnity agreement that does not conflict with ERISA).

Dell Donne also claims that he is "a participant of the Plan and as such has been directly affected by Defendants' embezzlement and failure to contribute the embezzled funds to the Plan." Doc. 44, Plaintiffs' Supplemental Brief, at 7:3-4. "The term 'participant' means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee

benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. §1002(7). "A plaintiff's status as participant must be decided as of the time of filing suit....Current employees are 'participants' if at the time of suit they are either covered by the plan, or reasonably expect to be so in the future....A plaintiff who is no longer in employment covered by the relevant plan at the time suit is filed may nonetheless be deemed a 'participant' for purposes of section 1132(a) if he has either 'a reasonable expectation of returning' to employment covered by that plan, or 'a colorable claim to vested benefits' under that plan." Pearson v. Prudential Health Care Plan, 942 F. Supp. 1284, 1287 (E.D. Cal. 1996), citations omitted. Dell Donne states he "has sustained substantial financial loss of his retirement funds." Doc. 44, Plaintiffs' Supplemental Brief, at 3:19. Defendants object that "contrary to[] his claimed statement, he has not what his 'retirement funds' amount is and/or was." Defendants do not dispute that Dell Donne has a colorable claim to Plan benefits. Dell Donne has standing as a participant to recover monies due to the Plan. See Tullis v. UMB Bank, N.A., 515 F.3d 673, 680-82 (6th Cir. 2008).

As Dell Donne has standing to pursue the ERISA claims for the benefit of the Plan, the court need not analyze JET's and the Plan's interests.

**2. JET**

Defendants argued that Plaintiffs lacked capacity to pursue the suit as a court-appointed receiver controlled JET and that Dell Donne did not own JET. Doc. 31, Part 2, Defendants' Brief, at 11:17-21. In additional briefing, Defendants admit that "ownership of the stock of the JET corporations has been transferred to Dell Donne." Doc. 51, Mullen Declaration, at 3. Further, Plaintiffs have demonstrated that the receivership is for the limited purpose of overseeing the payment of bills; nothing in the order of appointment suggests that the receiver is the party that should properly represent JET in this case. Doc. 44, Ex. 1.

**B. ERISA**

(a) Any person who is a fiduciary with respect to a plan who breaches any of the

responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 411 of this Act [29 U.S.C. §1111].

(b) No fiduciary shall be liable with respect to a breach of fiduciary duty under this title if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.

29 U.S.C. §1109.

"[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. §1002(21)(a).  Plaintiffs allege Brandon was an administrator of the Plan. Doc. 1, Complaint, at 8:18-19.  The Plan specified that the administrator was a fiduciary. Doc. 44, Ex. 1, at 13.  Plaintiffs allege "Brandon breached his fiduciary duty to Plaintiffs under 19 U.S.C. §1109(a) by diverting and embezzling JET funds belonging to the Plan for his personal benefit and the benefit of Timothy Hardt, Michelle Hardt, and the Defendants." Doc. 1, Complaint, at 8:23-25.  Plaintiffs state a claim against Brandon.

Plaintiffs have not alleged that Herbert Hardt is a fiduciary.  Plaintiffs allege that he "aided and abetted...the breach of his fiduciary duties." Doc. 1, Complaint, at 9:20-21.  The Ninth Circuit has determined that "The plain language of section 409(a) [29 U.S.C. §1109(a)] limits its coverage to fiduciaries, and nothing in the statute provides any support for holding others liable under that section. Several courts have nevertheless held that section 409(a) imposes liability on non-fiduciaries insofar as they abetted fiduciaries in their breaches of duty....We have carefully considered [the] rationale and conclude that it provides no basis for departing from the plain meaning of the statute." Nieto v. Ecker, 845 F.2d 868, 871 (9th Cir. 1988), citations omitted.  Plaintiffs have not stated a claim against Herbert Hardt.

8

**C. RICO**

Defendants deny that they took part in a RICO enterprise. Plaintiffs allege that "Timothy Hardt, Michelle Hardt, and Defendants work together to divert millions of dollars from JET including funds which should have been designated as contributions to the Plan." Doc. 1, Complaint, at 5:10-12.

To state a civil RICO claim under 18 U.S.C. §1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). Title 18 U.S.C. § 1961(4) defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." The "enterprise" is not the "pattern of racketeering activity"; it is an entity separate and apart from the pattern of activity in which it engages. United States v. Turkette, 452 U.S. 576, 583 (1981). The enterprise element requires the organization, formal or informal, to be an entity separate and apart from the pattern of racketeering activity in which it engages. Chang v. Chen, 80 F.3d 1293, 1298 (9th Cir. 1996). Plaintiff's complaint only alleges that Defendants conspired to divert funds. "A RICO plaintiff must allege a structure for the making of decisions separate and apart from the alleged racketeering activities, because the existence of an enterprise at all times remains a separate element which must be proved." Wagh v. Metris Direct, Inc., 348 F.3d 1102, 1112 (9th Cir. 2003). Plaintiffs have failed to plead the existence of an enterprise.

**D. Fraud**

Plaintiffs also allege that Defendants "knowingly and willfully conspired and agreed amongst themselves to fraudulently transfer millions of dollars from Plaintiffs." Doc. 1, Complaint, at 11:8-9. Plaintiffs provide the dates and amounts of several transfers of funds totaling hundreds of thousands of dollars made by Timothy Hardt to Herbert Hardt, Brandon, and others. Doc. 1, Complaint, at 6:1-28. Plaintiffs allege the monies were owed to the Plan by JET but instead, Defendants wrongfully transferred the funds for personal use. "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose

before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows: (1) With actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ. Code §3439.04(a).  Fed. Rule Civ. Proc. 9(b) requires that, when averments of fraud are made, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct...so that they can defend against the charge and not just deny that they have done anything wrong."  Though the substantive elements of fraud are set by a state law, those elements must be pled in accordance with the requirements of Rule 9(b). See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).  The claims appear to fit the language of Cal. Civ. Code §3439.04(a).

**E. Rule 19**

Defendants argue that allowing this ERISA suit to go forward without the participation of DOL would leave "Defendants [] exposed to a multitude of lawsuits which may be brought by the real parties in interest and result in conflicting findings and/or liability." Doc. 31, Part 2, Brief, at 12:9-11.  Fed. Rule Civ. Proc. 19(a) states:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Defendants point to Fed. Rule Civ. Proc. 19(a)(1)(B)(ii) in alleging DOL a required party.  Dell Donne, as a participant in the Plan under 29 U.S.C. §1132(a)(2), is suing on behalf of the Plan for breach of fiduciary duty in violation of 29 U.S.C. §1109(a), not on his own behalf. See Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140-42 (1985) (beneficiary can only sue on behalf of plan and not directly for herself).  DOL also has authority to sue on behalf of the Plan for breach of fiduciary duty. 29 U.S.C. §1132(a)(2).

In this case, DOL asserts that any judgment in favor of Defendants against the Plan would

not be binding on the DOL. Doc. 29, Amicus Brief, at 13:17-18:14.  DOL's authority on this issue is persuasive.  "Every circuit addressing the issue has held that the Secretary is not bound by prior private litigation when the Secretary files an independent action to address ERISA violations. Each court recognized that the Secretary's national public interests in bringing an ERISA enforcement action are wholly distinct and separate from those of private litigants who seek to redress individual grievances or recoup plan losses for their personal benefit as plan beneficiaries. The courts note that under ERISA's statutory framework, private plaintiffs do not adequately represent, and are not charged with representing, the broader national public interests represented by the Secretary." Herman v. South Carolina Nat'l Bank, 140 F.3d 1413, 1424 (11th Cir. 1998), citing Beck v. Levering, 947 F.2d 639, 642 (2nd Cir. 1991); Secretary of Labor v. Fitzsimmons, 805 F.2d 682, 690-94 (7th Cir. 1986); and Donovan v. Cunningham, 716 F.2d 1455, 1462-63 (5th Cir. 1983).  The Seventh Circuit in particular discussed the issue in the context of a 29 U.S.C. §1132(a)(2) claim. Secretary of Labor v. Fitzsimmons, 805 F.2d 682, 691 n.12 (7th Cir. 1986).  Thus, DOL would still be able to sue Defendants on behalf of the Plan even if Defendants prevail in this suit.

However, that is not the key consideration for purposes of Rule 19(a)(1)(B)(ii) which discusses "double, multiple, or otherwise inconsistent obligations."  Rule 19(a) seeks to avoid situations where a party must pay multiple liability awards which exceed the total damage; it does not concern itself with res judicata per se.  "[I]nconsistent obligations are not the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." Cachil Dehe Band of Wintun Indians v. California, 547 F.3d 962, 976 (9th Cir. 2008), quoting Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998).  Even if both Plaintiffs and DOL were to prevail against Defendants in separate suits, Defendants' total liability is limited to the Plan's loss; a recovery in one suit will be considered by the later suit in determining damages. See Beck v. Levering, 947 F.2d 639, 642 (2nd Cir. 1991).  DOL is not a

required party under Rule 19.

### IV. Order

Defendants' motion to dismiss is GRANTED in part and DENIED in part.

The ERISA and breach of fiduciary duty claims against Herbert Hardt are DISMISSED

The RICO claims against all Defendants are DISMISSED.

Plaintiffs are granted leave to amend. Plaintiffs may file an amended complaint within twenty-one (21) days of the service of this order. Defendants must file an answer within twenty-one (21) days of the end of the amendment period.

IT IS SO ORDERED.

Dated:   September 5, 2011                                    _____
CHIEF UNITED STATES DISTRICT JUDGE