UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DELL DONNE, individually, as a participant in THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN, and as trustee of THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN; THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401K PLAN; and THE JOURNEY ELECTRICAL TECHNOLOGIES, INC., a California corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>HERBERT W. HARDT, an individual; L. DAVID BRANDON, an individual; LISA PLANK, an individual; and DOES 1-200,<br><br>    Defendants. | 1:10-CV-2341 AWI JLT<br><br>ORDER DENYING MOTION TO DISMISS |

## I. History[1]

In September 2002, Timothy Hardt and Plaintiff Mark Dell Donne incorporated Hardel Enterprises, Inc. ("Hardel") and Journey Electronic Technologies, Inc. ("JET"). In November 2002, JET purchased Tri-State, Inc. ("Tri-State"), a company which provides electrical and

---

[1] The factual history is provided for background; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

network services for construction projects.  Hardel is the holding company of JET which in turn is the holding company of Tri-State (collectively "Enterprises").  Timothy Hardt was responsible for day to day operations of the Enterprises and Dell Donne dealt with outside contacts.  In that year they created an employee benefit plan ("Plan"), whereby employees could direct the Enterprises to withhold salary and put it into the Plan to be invested on their behalf.  Timothy Hardt and Dell Donne were the trustees of the Plan.  Defendant L. David Brandon ("Brandon") and third party Kathy Home were the administrators of the Plan.

In March 2006, Timothy Hardt bought out Dell Donne's interests in the Enterprises.  Dell Donne withdrew from all corporate positions and was removed as trustee for the Plan.  Dell Donne remained as an employee of Tri-State.  Defendant Lisa Plank ("Plank") (who has since been voluntarily dismissed from the case) became an employee of the Enterprises.  Defendant Herbert Hardt is Timothy Hardt's father.  After Dell Donne sold his interests to Timothy Hardt, Dell Donne alleges that Timothy Hardt (with his wife, Michelle Hardt), Herbert Hardt, and Brandon embezzled funds from the Enterprises which were designated for the Plan.

In June 2007, Timothy Hardt withdrew from the Enterprises.  Third party Performance Capital, Inc., which had lent the Enterprises large amounts of money, exercised contractual rights to remove Timothy Hardt from his corporate position and to install Dell Donne as Director of Corporation and Chairman of the Board of Tri-State.  A receiver has been appointed for Tri-State.  Timothy Hardt and Michelle Hardt filed for bankruptcy on January 7, 2010.  On February 12, 2010, the U.S. Department of Labor ("DOL") contacted Timothy Hardt and Dell Donne concerning irregularities with the Plan.

The present case is one of four concerning the alleged underfunding of the Plan.  Plaintiffs are Dell Donne, JET, and the Plan.  Defendants were originally Herbert Hardt, Brandon, and Plank.  Plank has since been dismissed from this case.  The operative complaint is the First Amended Complaint ("FAC") in which Plaintiffs list seven causes of action based on breach of fiduciary duty to the Plan in violation of ERISA, breach of fiduciary duty to JET, conspiracy to fraudulently convey, and civil RICO.  In the related cases, DOL has brought suit against Timothy Hardt and Dell Donne for breach of fiduciary duty under ERISA.  Defendants

have made a motion to dismiss. The motion is opposed and the matter was taken under submission without oral argument.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted. The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969. Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the

1  complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S.
2  506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts
3  which [they have] not alleged, or that the defendants have violated...laws in ways that have not
4  been alleged." Associated General Contractors of California, Inc. v. California State Council of
5  Carpenters, 459 U.S. 519, 526 (1983).
6       In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited
7  to reviewing only the complaint.  "There are, however, two exceptions....First, a court may
8  consider material which is properly submitted as part of the complaint on a motion to dismiss...If
9  the documents are not physically attached to the complaint, they may be considered if the
10 documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.
11 Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record."
12 Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth
13 Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which
14 permits us to take into account documents whose contents are alleged in a complaint and whose
15 authenticity no party questions, but which are not physically attached to the plaintiff's pleading.
16 We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's
17 claim depends on the contents of a document, the defendant attaches the document to its motion
18 to dismiss, and the parties do not dispute the authenticity of the document, even though the
19 plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v.
20 ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond
21 the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a
22 defendant's motion to dismiss. Facts raised for the first time in opposition papers should be
23 considered by the court in determining whether to grant leave to amend or to dismiss the
24 complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003),
25 citations omitted.
26      If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without
27 prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend
28 even if no request to amend the pleading was made, unless it determines that the pleading could

not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

**A. Evidence**

Defendants have provided their own declarations in support of their motion. Doc. 63, Parts 4 and 5. These statements are neither incorporated by reference nor attached to the complaint. In a motion to dismiss for failure to state a claim, a court may not consider evidence outside of these limited exceptions. Thus, the court will not consider these declarations in ruling on this motion.

**B. Breach of Fiduciary Duty to the Plan Under ERISA**

Plaintiffs' first and second causes of action allege Brandon violated ERISA by breaching his fiduciary duty to the Plan and by aiding and abetting Timothy Hardt's breach of fiduciary duty to the Plan. Doc. 55, FAC, at 8:11-9:21. Both Brandon and Timothy Hardt are alleged to have fiduciary duties to the Plan. Defendants have argued that the aiding and abetting cause of action is duplicative and should be dismissed. Doc. 63, Part 2, Brief, at 4:15-5:6. However, ERISA specifically provides for co-fiduciary liability:

> In addition to any liability which he may have under any other provision of this part [29 U.S.C. §1101-1114], a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
>   (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>   (2) if, by his failure to comply with [29 U.S.C. §1104(a)(1)] in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>   (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. §1105(a). Thus, the court interprets the aiding and abetting cause of action against

Brandon to fall under the co-fiduciary liability provision.  Since direct violation of fiduciary duty and failure to prevent a co-fiduciary violation may involve different facts, the two causes of action are not duplicative.

**C. Breach of Fiduciary Duty to JET Under California Law**

The third cause of action alleges Brandon breached his fiduciary duty to JET.  The fourth cause of action alleges that Defendants aided and abetted the Brandon's and Timothy Hardt's breach of fiduciary duties to JET.  Herbert Hardt is not alleged to be a fiduciary of JET or the Plan.  Defendants point to the prior order in which the court found that no claim for aiding and abetting the violation of fiduciary duty could be stated against Herbert Hardt based on ERISA since the Ninth Circuit stated that ERISA liability was limited to fiduciaries: "The plain language of section 409(a) [29 U.S.C. §1109(a)] limits its coverage to fiduciaries, and nothing in the statute provides any support for holding others liable under that section. Several courts have nevertheless held that section 409(a) imposes liability on non-fiduciaries insofar as they abetted fiduciaries in their breaches of duty....We have carefully considered [the] rationale and conclude that it provides no basis for departing from the plain meaning of the statute." Nieto v. Ecker, 845 F.2d 868, 871 (9th Cir. 1988), citations omitted.  Plaintiffs' third and fourth causes of action are different as it is founded on California law, not ERISA, and discusses fiduciary duties owed to JET as opposed to the Plan.  Regarding "aiding and abetting fiduciary duty. California has adopted the common law rule for subjecting a defendant to liability for aiding and abetting a tort. Liability may be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person" Casey v. U.S. Bank Nat. Assn., 127 Cal. App. 4th 1138, 1144 (Cal. App. 4th Dist. 2005), citations omitted.  Plaintiffs appear to have stated causes of action for direct breach of fiduciary duty and aiding and abetting.

**D. Conspiracy to Fraudulently Transfer**

In the previous order, the court ruled that Plaintiffs' allegations of fraud are sufficient. Defendants ask the court to reconsider, arguing that Plaintiffs' failed to adequately plead elements of a conspiracy with respect to Herbert Hardt. Doc. 63, Part 2, Brief, at 6:14-21. The complaint states, "Defendants along with Timothy Hardt and Michelle Hardt, knowingly and willfully conspired and agreed amongst themselves to fraudulently transfer millions of dollars from Plaintiffs." Doc. 55, FAC, at 11:11-12. Defendants point out that in one case, the Ninth Circuit said, "Vess alleges a fraudulent conspiracy between the APA and the other defendants, but he does not provide the particulars of when, where, or how the alleged conspiracy occurred. He alleges that the APA received financial contributions from Novartis, but he offers scant specifics as to when or between whom the money changed hands." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Again, in this case, Plaintiffs have listed out the specific payments (dates, amounts, and in some cases check numbers) from JET to a number of recipients (including Herbert Hardt) which Plaintiffs allege are fraudulent transfers. Doc. 55, at 5:13-7:5.

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditors claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
>   (1) With actual intent to hinder, delay, or defraud any creditor of the debtor.
>   (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
>     (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>     (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Cal. Civ. Code §3439.04. The underfunded Plan had a right to payment from JET, making the Plan a creditor. See Cal. Civ. Code §3439.01(c) and (e). Plaintiffs allege Herbert Hardt knew of this fact and encouraged Timothy Hardt and Brandon to make the transfers regardless. Doc. 55, FAC, at 10:6-12:1. "An allegation of parallel conduct is thus much like a naked assertion of conspiracy...it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief." Orcilla v. Bank of Am., N.A., 2011 U.S. Dist. LEXIS 46639, *9-10 (N.D. Cal. Apr. 25,

2011) (discussing the relationship between a buyer and seller), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  However, Herbert Hardt is Timothy Hardt's father and worked with him in the past to fund the creation of the Enterprises.  These allegations suffice at this stage of litigation.

Defendants also argue the claim is barred by the statute of limitations.  For a fraudulent transfer cause of action under Cal. Civ. Code §3439 et seq, the statute of limitations is four years.  Cal. Civ. Code §3439.09.  Plaintiffs allege the fraudulent transfers took place between January 2006 and June 2007.  Doc. 55, at 5:13-7:5.  Plaintiffs filed the present suit on August 3, 2010.  Doc. 1.  While some of the funds were allegedly transferred more than four years before the initiation of the suit, others are within that time frame.  This is a matter that is better handled at a later stage of litigation.  At the core, Plaintiffs appear to have stated a claim at least with respect to those transactions that took place after August 3, 2006.

**E. RICO**

To state a civil RICO claim under 18 U.S.C. §1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).  Plaintiffs allege Defendants "formed an association-in-fact and were an 'enterprise.'" Doc. 55, FAC, at 12:13-15.  Title 18 U.S.C. § 1961(4) defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  In the prior order, the court dismissed Plaintiffs' RICO claim, citing to case authority that stated the enterprise needed to be an entity separate and apart from the pattern of activity. See Chang v. Chen, 80 F.3d 1293, 1298 (9th Cir. 1996); Wagh v. Metris Direct, Inc., 348 F.3d 1102, 1112 (9th Cir. 2003).  Plaintiffs correctly point out that a later Ninth Circuit en banc panel has overturned the precedent and set out a new rule stating "an associated-in-fact enterprise is 'a group of persons associated together for a common purpose of engaging in a course of conduct.' To establish the existence of such an enterprise, a plaintiff must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit.'" Odom v.

Microsoft Corp., 486 F.3d 541, 552 (9th Cir. 2007), quoting United States v. Turkette, 452 U.S. 576, 583 (1981).  Plaintiffs' allegations appear to fulfill these requirements: a continuing conspiracy to extract money out of JET among persons (some of whom were related to each other) over a period of several months during which multiple allegedly fraudulent transfers were undertaken by Timothy Hardt to various recipients including Herbert Hardt.  "[A]n associated in fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose. The test does not establish a high threshold for pleading an association in fact enterprise, as the very concept of an association in fact is expansive." Hamana v. Kholi, 2011 U.S. Dist. LEXIS 123306, *7 (S.D. Cal. Oct. 24, 2011), citations omitted.  Plaintiffs have sufficiently alleged a RICO enterprise at this stage of litigation.

### IV. Order

Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated:     December 14, 2011                              _____
                                                          CHIEF UNITED STATES DISTRICT JUDGE