# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DELL DONNE, ET AL., | CASE NO. 1:10-CV-02341-AWI-JLT |
| Plaintiffs, | ORDER VACATING PRETRIAL CONFERENCE DATE, VACATING TRIAL DATE, AND ORDERING PARTIES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED |
| v. | |
| HERBERT W. HARDT, ET AL., | |
| Defendants. | |

The pretrial conference in this action was set for January 23, 2013 at 8:30 a.m. Doc. 65, 4:27-5:10. Pursuant to Local Rule 281(a), the final date on which the parties could file a pretrial statement was not less than seven (7) days before the pretrial conference hearing date. No pretrial statement has been filed to date. Local Rule 280(a) provides that "counsel shall proceed with reasonable diligence to take all steps necessary to bring an action to issue and readiness for pretrial conference and trial." The parties are in violation of the Local Rules.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). Court may impose sanctions for violating court orders and the Local Rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (sanction for noncompliance with local rule); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (sanction for failure to comply with court order); Fed. Rule Civ. Proc. 16(f)(1) (requiring compliance with scheduling orders).

Accordingly, it is HEREBY ORDERED that:

1. The pretrial hearing set for January 23, 2013 is VACATED.
2. The trial date of April 8, 2013 is VACATED.
3. The parties are ORDERED to show cause why sanctions should not be imposed within fourteen (14) days of this order's date of service.

IT IS SO ORDERED.

Dated: January 18, 2013

SENIOR DISTRICT JUDGE